**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MIGUEL ALEJANDRO
LETONA GARCIA, *
*
Plaintiff, *
*
v. * Civil Action No. 8:25-cv-00032-PX
*
*
JOSEPH B. EDLOW *et al.*, *
*
Defendants.

******

## MEMORANDUM ORDER

Pending is Defendants Director of United States Citizenship and Immigration Services (“USCIS”) Joseph B. Edlow, U.S. Attorney General Pamela Bondi, Secretary of Homeland Security Kristi Noem, Director of the Nebraska Service Center for USCIS Loren Miller and Director of Baltimore Field Office for USCIS Elizabeth Grant (collectively, “Defendants”)’ motion to dismiss Plaintiff Miguel Alejandro Letona Garcia (“Letona Garcia”)’s Complaint. ECF No. 16.[1] The Court finds no need for a hearing. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted, and the Complaint is dismissed.

Since 2014, Letona Garcia has been seeking lawful admission to the United States. ECF No. 16-1 at 4. Relevant here, he was found inadmissible on several grounds in August 2023. *Id.* at 5. In response, Letona Garcia filed a Form I-601 Application for Waiver of Grounds of Inadmissibility (“I-601 application” or “waiver application”) on October 12, 2023. *Id.* The I-601

[1] Defendants Joseph B. Edlow, Pamela Bondi, Kristi Noem and Elizabeth Grant and are automatically substituted as parties to this action, replacing Defendants Ur Mendoza Jaddou, Merrick Garland, Alejandro Mayorkas and Nikita Baker, respectively. *See* Fed. R. Civ. P. 25(d).

application has yet to be adjudicated. The delay in adjudication, Letona Garcia argues, is so unreasonable as to contravene the Administrative Procedures Act, 5 U.S.C. §§ 706(1) and 555(b) ("APA") and warrants that this Court require immediate adjudication of the I-601 application through its mandamus powers, 28 U.S.C. § 1361. ECF No. 1. Because this Court lacks jurisdiction to reach either the APA or mandamus claims, the Complaint must be dismissed.

Jurisdictional challenges must be resolved in advance of any merits analysis. *See* Fed. R. Civ. P. 12(b)(1); *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009); *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The party who asserts jurisdiction bears the burden of establishing its existence. *See Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The Court considers the complaint facts, viewed most favorably to the plaintiff, *see Lovern*, 190 F.3d at 654; *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005), and may consider extrinsic evidence to ascertain whether it has jurisdiction to hear the case. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Whether a noncitizen is entitled to a waiver of inadmissibility is squarely within the jurisdiction of the Attorney General. *See* 8 U.S.C. § 1182(a)(9)(B)(v) & (d)(11). The Fourth Circuit has held that the timing of such review also "is committed to agency discretion by law," and thus APA statutorily bars review of the same. *Lovo v. Miller*, 107 F.4th 199, 211 (4th Cir. 2024) (quoting 5 U.S.C. § 701(a)(2)). Because "USCIS retains discretion" to adjudicate the waiver application "at all," delay in such adjudication is not actionable under the APA. *Id.* at 216. The APA claim is thus dismissed for lack of jurisdiction.

For similar reasons, the mandamus claim also must be dismissed. The Mandamus Act, like the APA, "only permits federal courts to exercise jurisdiction if an agency has a clear duty to act."

*Lovo*, 107 F.4th at 216 (citing *Murray Energy Corp. v. Adm'r of Env't Prot. Agency*, 861 F.3d 529, 537 n.4 (4th Cir. 2017)). *See also Sleeth v. Dairy Prods. Co. of Uniontown*, 228 F.2d 165, 167 (4th Cir. 1955) (To obtain mandamus relief, the plaintiff must show that "there is a clear legal right to the performance of a particular act or duty[.]"). But where, as here, Defendants do not have a "clear duty" to act within a statutorily proscribed time, the decision cannot be one in which this Court retains the power to intervene.

Accordingly, and for the reasons stated, it is this 17th day of December 2025, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants Joseph B. Edlow, Pamela Bondi, Kristi Noem, Loren Miller and Elizabeth Grant's Motion to Dismiss (ECF No. 16) is GRANTED;
2. The Complaint (ECF No. 1) is DISMISSED for lack of jurisdiction and without prejudice;
3. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff; and
4. The Clerk IS FURTHER DIRECTED to CLOSE this case.

December 17, 2025
Date

/s/
Paula Xinis
United States District Judge